◻ ORIGINAL

FILED IN OPEN COURT
U.S.D.C. - Atlanta

OCT 24 2017

JAMES N. HATTEN, Clerk
By: ~~~~~~ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>GREGORY MCLEOD | Criminal Indictment<br><br>No. 1:17-CR-367 |

THE GRAND JURY CHARGES THAT:

## INTRODUCTION

At all times material to this indictment:

1. The United States Penitentiary in Atlanta, Georgia (USP-Atlanta), within the Northern District of Georgia, was a facility operated and controlled by the United States Bureau of Prisons, which is responsible for the custody, control, care, and safety of inmates who have been sentenced to imprisonment for federal crimes.

2. Defendant **GREGORY McLEOD** was employed as a lieutenant at the USP-Atlanta.

3. On or about March 13, 2016, M.M. was an inmate housed at the USP-Atlanta.

## Count One

On or about March 13, 2016, in the Northern District of Georgia, Defendant **GREGORY McLEOD**, while acting under color of law, willfully deprived M.M. of the right, secured and protected by the Constitution and laws of the United States, to be free from cruel and unusual punishment. Specifically, Defendant McLeod assaulted M.M. without a legitimate penological justification. This offense resulted in bodily injury to M.M.

All in violation of Title 18, United States Code, Section 242.

## Count Two

On or about March 13, 2016 and on or about May 30, 2017, in the Northern District of Georgia, Defendant **GREGORY McLEOD**, acting in relation to and in contemplation of a matter within the jurisdiction of the Office of the Inspector General of the Department of Justice (OIG) and the Federal Bureau of Investigation (FBI), two agencies of the United States, knowingly covered up, falsified, and made a false entry in a record and document with the intent to impede, obstruct, and influence the investigation and proper administration of that matter.

Specifically, on or about March 13, 2016, Defendant McLeod authored a memorandum which he addressed to his supervisor and later provided to agents of the FBI and OIG during a voluntary interview on or about May 30, 2017, in which he wrote, in pertinent part, that during an encounter between M.M. and Defendant McLeod on March 13, 2016:

(1) M.M. "stepped towards me, with bulging eyes, tense face and both closed fists and swung a closed fist at my facial area," which was false because, as Defendant McLeod then well knew, M.M. did not step towards him and swing a closed fist at his facial area;

(2) "Additional staff and myself placed inmate [M.M.] on the floor, even though he was still attempting to assault us, with closed fists," which was false because, as Defendant McLeod then well knew, M.M. did not attempt to assault with closed fists Defendant McLeod and other staff; and,

(3) M.M. "displayed signs of imminent violence, serious threat to staff and to gain control of him, who appeared to be dangerous, hand and leg restraints were applied," which was false because, as Defendant McLeod then well knew, M.M. did not display signs of imminent violence and serious threat to staff, and hand and leg restraints were not required to gain control of him.

On or about the same date, Defendant McLeod also authored an incident report in which he wrote, in pertinent part, that M.M. "swung at my facial area, attempting to strike me," which was false because, as Defendant McLeod then well knew, M.M. did not swing at Defendant McLeod's facial area and attempt to strike him.

All in violation of Title 18, United States Code, Section 1519.

### Count Three

On or about May 30, 2017, in the Northern District of Georgia, Defendant **GREGORY McLEOD**, knowingly and willfully made materially false, fictitious, and fraudulent statements in a matter within the jurisdiction of the Office of the Inspector General (OIG) and the Federal Bureau of Investigation (FBI), two agencies of the Executive Branch of the government of the United States. Specifically, Defendant McLeod falsely stated to an agent of OIG and an agent of the FBI that during an encounter between Defendant McLeod and M.M. on March 13, 2016: (1) M.M. was the initial aggressor; (2) M.M. swung a closed fist at Defendant McLeod's facial area; and (3) Defendant McLeod never struck and never punched M.M. These statements were false because, as Defendant McLeod then well knew: (1) Defendant McLeod, not M.M., was the initial aggressor; (2)

M.M. did not swing a closed fist at Defendant McLeod's facial area; and (3) Defendant McLeod punched and struck M.M. multiple times.

All in violation of Title 18, United States Code, Section 1001.

A  TRUE  BILL

FOREPERSON

BYUNG J. PAK
*United States Attorney*

BRENT ALAN GRAY
*Assistant United States Attorney*
Georgia Bar No. 155089
75 Ted Turner Drive S.W.
Atlanta, GA 30303
404-581-6000


JOHN M. GORE
*Acting Assistant Attorney General*

MARY HAHN
*Trial Attorney*
District of Columbia Bar No. 500193
Civil Rights Division - United States Department of Justice

5